```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE WESTERN DISTRICT OF TENNESSEE
                    WESTERN DIVISION
```
_____

JOHNNY JOHNSON,                )
                               )
     Plaintiff,                )
                               )
v.                             )
                               )   No. 08-cv-2473 P
SOUTHWEST TENNESSEE COMMUNITY  )
COLLEGE,                       )
                               )
     Defendant.                )
                               )

_____

### ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
_____

Before the court is defendant Southwest Tennessee Community College's ("Southwest") Motion for Summary Judgment. For the reasons below, the motion is GRANTED.[1]

### I. BACKGROUND

The following facts are undisputed.[2] Southwest is a community

---

[1] All parties consented to have a United States Magistrate Judge conduct all proceedings in this case, including presiding at the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. (D.E. 13, 14, 18.)

[2] These facts are based upon Southwest's Statement of Undisputed Facts (D.E. 26-3), excerpts of plaintiff Johnny Johnson's deposition transcript cited by Southwest and attached to its motion (D.E. 26-5), Johnson's Application for Employment dated August 23, 2006 (D.E. 26-6), Southwest's July 2006 job posting for the Instructor of Psychology position (D.E. 26-7), affidavits filed by Paul D. Thomas, Southwest's Executive Director of Human Resources and Affirmative Action (D.E. 26-8) and Dr. Edward C. Reid, Southwest's Chairman of the Search Committee that reviewed candidates for the Instructor of Psychology position advertised in July of 2006 (D.E. 26-9), and the court record in the present case

college, the main campus of which is located in Memphis, Tennessee. It is part of the State of Tennessee's university and community college system established pursuant to Tenn. Code Ann. § 49-8-101. Southwest was created by the merger of Shelby State Community College ("Shelby State") and the State Technical Institute at Memphis in 2000.

Johnny Johnson is a seventy-one year old, African-American resident of Memphis. During the period between 1990 and 1991, he worked as a part-time adjunct Instructor of Psychology at Shelby State, the predecessor to Southwest.³ While working at Shelby

---

and in Johnson's prior federal lawsuit filed against Shelby State Community College in 1994. See Johnson v. Shelby State, 94-cv-2350 A (W.D. Tenn. Mar. 16, 1995). Johnson's response in opposition to summary judgment does not specifically identify any disputed material facts, as required by Local Rule 7.2 (d)(3) (requiring opponent of a motion for summary judgment who disputes any of the material facts upon which the proponent has relied to "respond to the proponent's numbered designations, using the corresponding serial numbering, both in the response and by attaching to the response the precise portions of the record relied upon to evidence the opponent's contention that the proponent's designated material facts are at issue"). Moreover, other than attaching (1) a copy of his biographical information from a document titled "Two Thousand Notable American Men," (2) an affidavit that merely states that he is an African-American male and a military veteran, (3) his military discharge records, and (4) an unpublished paper apparently co-authored by Johnson titled "A Twenty-Year Scientific Study of the People of Memphis, Tennessee (1988-2008)" – none of which contradict Southwest's Statement of Undisputed Facts or exhibits – Johnson has not provided any evidence to rebut Southwest's version of undisputed facts.

³According to the Application for Employment Johnson submitted on August 23, 2006 to Southwest, he was employed with Shelby State as a part-time Instructor of Psychology from 1985 to 1993, and his supervisor was Dr. Edward Reid. (D.E. 26-6 at 4.) According to Reid's affidavit, Johnson was terminated in 1991. This factual

State, a number of issues arose involving Johnson's teaching practices. These questionable practices included giving a writing assignment to a class but refusing to discuss the assignment with students during class time; requiring students to submit their papers listing both themselves and Johnson as authors of the work, thereby raising concerns that Johnson intended to misappropriate the students' work; and assigning "I" grades indicating "Incomplete" to all but one student in his class. With respect to the "I" grade issue, Shelby State made it clear to Johnson at that time that the Department of Psychology felt he was misusing the "I" grade. Johnson informed Shelby State's administration that he refused to issue letter grades under what he called the school's "norm-reference system" and insisted on using an alternative grading system, which he called the "criterion-reference teaching and testing methodology." As a result of these problems, Shelby State ended his employment with the college in 1991.[4]

---

dispute, however, is not material.

[4]In his response to Southwest's motion, Johnson describes his opposition to Southwest's "norm-reference" grading system as follows:

> It was during [Johnson's] tenure in the 1990's at Shelby State that Johnson noticed that none of the other instructors in his department was using the criterion-reference teaching and testing methodology. Students came to his class ill prepared to construct an error-free term paper. Johnson refused to issue a passing grade for inferior work and assigned each student an I grade until such time as each would complete the requirement, unlike all other instructors who simply did not have term papers

Soon after leaving Shelby State, Johnson filed Equal Employment Opportunity Commission ("EEOC") complaints against the college alleging violations of Title VII of the Civil Rights Act of 1964 ("Title VII"). On May 13, 1994, Johnson filed a complaint in the Western District of Tennessee, and on March 16, 1995, the court granted Shelby State's Motion for Summary Judgment. <u>See</u> <u>Johnson v. Shelby State</u>, 94-cv-2350 A (W.D. Tenn. Mar. 16, 1995). On August 9, 1996, the Court of Appeals for the Sixth Circuit dismissed Johnson's appeal for want of prosecution.

In July of 2006, Southwest posted a job opening for a full-time, tenure track Instructor of Psychology position. The "Required Qualifications" listed on the job posting included, among

---

      and issued letter grades such as A, B, C, and F based upon the norm-reference system. Johnson's contract was not renewed. Johnson attempted to explain that by doing this, students would not reach the learning objectives of the course. Later Johnson learned that the department had no curriculum at all. And students were being passed on without knowing the really important and critical aspects of the introductory to psychology course due in large measure to the fact that none of the faculty, including the department Head had any training in curriculum development or course design. Consequently, in Johnson's opinion, the associate degrees granted were nothing more than bogus rip-offs. Johnson refused to be a part of such a system and tried, without success, to call attention to this misgiving.

(D.E. 31-2, Pl.'s Resp. in Opp'n to Mot. for Summ. J. at 7-8.) During his deposition, Johnson testified that he still believed in his criterion-reference teaching and testing methodology and that, if hired by Southwest, he would continue to use the criteria reference system "[e]ven if it meant being fired." (D.E. 26-5 at 8-9.)

other things, a Master's degree in psychology or in a related field and a "[m]inimum three (3) years college teaching experience required or one (1) year college experience and three (3) years practical experience." Although not expressly mentioned in the job posting, it is undisputed that the one year teaching experience qualification required the applicant to have at least one year of full-time college teaching experience.[5]

On or about August 23, 2006, Johnson submitted his written application for the Instructor of Psychology position. In the "Employment Background" section, Johnson listed his prior employment with Shelby State and stated that the reason he left his employment was because of "disagreement over grading system." In reviewing Johnson's application, Southwest's Search Committee, which was headed by Johnson's former supervisor Dr. Edward Reid, took into account the previous teaching issues that arose in 1990 and 1991, especially Johnson's misuse of the "I" grade.[6] In

---

[5] In his response to the summary judgment motion, Johnson does not dispute that the Instructor of Psychology position required full-time college teaching experience. Instead, he speculates that Southwest included the full-time teaching experience requirement in order to prevent him from obtaining the position, as he only has part-time teaching experience. Johnson has provided no evidence to support this allegation.

[6] Reid has been employed by Southwest in the position of Professor since June of 1987. He served as Chairman of the Search Committee that reviewed candidates for the Instructor of Psychology position that was advertised in July of 2006. He previously served as Chairman of the Psychology Department at Shelby State from 1984 to 1990.

addition, Johnson lacked the requisite experience as a full-time instructor.  Based on Johnson's prior problems and his lack of teaching experience, the Search Committee did not select Johnson for the position.  Instead, a thirty-eight year old, African-American woman was chosen to fill the position.  According to Reid's unrebutted affidavit, "[t]he Search Committee did not discuss or consider any of Johnson's prior EEOC claims, charges of discrimination, or lawsuits in reaching the decision to offer the instructor position to another applicant."

On July 3, 2008, Johnson filed a *pro se* complaint alleging that Southwest unlawfully denied him the Instructor of Psychology position on the basis of his race and age, and that he was denied the position in retaliation for the previous EEOC complaints he made and lawsuit he filed in 1994.  In its Motion for Summary Judgment, Southwest argues that it is entitled to summary judgment because: (1) Johnson's claims of age discrimination are not allowed under Title VII; (2) his claims under the Age Discrimination in Employment Act ("ADEA") are barred by the Eleventh Amendment and the doctrine of sovereign immunity; (3) he cannot prove a *prima facie* case of age or race discrimination because he cannot establish that he was qualified for the Instructor of Psychology position; (4) he cannot prove a *prima facie* case of race discrimination because the applicant chosen for the position was African-American; (5) he cannot prove a *prima facie* case of

-6-

retaliation because he has presented no evidence that his exercise of his protected civil rights was known to Southwest or that there was a causal connection between the protected activity and the adverse employment action; and (6) even if Johnson can make his *prima facie* case of discrimination or retaliation, Southwest had legitimate, nondiscriminatory reasons for not hiring Johnson and he cannot demonstrate that the proffered reasons are pretextual.

## II.   ANALYSIS

### A.   Summary Judgment Standard

Southwest has moved for summary judgment and has attached affidavits, deposition excerpts, and exhibits in support of its motion.[7]  Federal Rule of Civil Procedure 56(c) provides that

> [t]he judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(c)(2); see Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Canderm Pharmacal, Ltd. v. Elder Pharms., Inc., 862 F.2d 597, 601 (6th Cir. 1988).  In reviewing a motion for

---

[7]Johnson argues that Southwest has not complied with Local Rule 7.2(d), and specifically claims that Southwest failed to include a "Table of Authorities."  Johnson's position is curious, to say the least, as Southwest has fully complied with the rule by citing appropriate legal authorities, attaching a Statement of Undisputed Facts with serial numbering, and attaching precise portions of the record relied upon as evidence of each material fact.  The rule does not require the movant to include a "Table of Authorities." In fact, as discussed in footnote 2 above, it is Johnson who has failed to comply with Local Rule 7.2(d).

summary judgment, the evidence must be viewed in the light most favorable to the nonmoving party. <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587 (1986). When the motion is supported by proof such as depositions and affidavits, the nonmoving party may not rest on the pleadings, but must present some "specific facts showing that there is a genuine issue for trial." <u>Celotex</u>, 477 U.S. at 324. It is not sufficient "simply [to] show that there is some metaphysical doubt as to the material facts." <u>Matsushita</u>, 475 U.S. at 586. Finally, the "judge may not make credibility determinations or weigh the evidence." <u>Adams v. Metiva</u>, 31 F.3d 375, 379 (6th Cir. 1994).

**B.   Sovereign Immunity**

Southwest argues that, to the extent Johnson's age discrimination claim is brought under the ADEA, it is barred by the Eleventh Amendment, and therefore this court lacks subject matter jurisdiction over that claim.[8] The Eleventh Amendment prohibits nonconsenting states from being sued by private individuals in federal court. U.S. Const. amend. XI; <u>Bd. of Trustees of the Univ. of Ala. v. Garrett</u>, 531 U.S. 356, 363 (2001). The prohibition against suit exists unless Congress validly abrogates that immunity or the state waives its sovereign immunity. <u>Coll. Sav. Bank v.</u>

---

[8]Although Johnson's *pro se* "Complaint Under Title VII" does not specifically state that his age discrimination claim is brought under the ADEA, the court will assume that to be the case as Title VII does not cover age discrimination. <u>Kremer v. Chem. Constr. Corp.</u>, 456 U.S. 461, 466 n.4 (1982).

Fla. Prepaid Postsecondary Educ. Expense Bd., 527 U.S. 666, 670 (1999). The Supreme Court has determined that the ADEA is not a valid abrogation of the states' sovereign immunity, see Kimel v. Fla. Bd. of Regents, 528 U.S. 62, 91 (2000), *abrogating* Coger v. Bd. of Regents of Tenn., 154 F.3d 296 (6th Cir. 1998); Latham v. Office of the Att'y Gen. of the State of Ohio, 395 F.3d 261, 270 (6th Cir. 2005), and the State of Tennessee has not waived its immunity. See Henderson v. Sw. Tenn. Cmty. Coll., 282 F. Supp. 2d 804, 807 (W.D. Tenn. 2003) (stating that "[p]otential state waivers of immunity are to be strictly construed against waiver, and a court 'will find waiver only where stated by the most express language or by such overwhelming implications from the text as (will) leave no room for any other reasonable construction'") (quoting Edelman v. Jordan, 415 U.S. 651, 673 (1974) (citation omitted)); see also Tenn. Code Ann. § 20-13-102(b) (2010) ("No statutory or other provision authorizing the University of Tennessee and its board of trustees to sue and be sued shall constitute a waiver of sovereign immunity.").

Under similar circumstances, courts have dismissed ADEA claims brought by private individuals against states.[9] See, e.g., McGarry

---

[9]The exception of Ex parte Young, 209 U.S. 123 (1908), does not apply here because Johnson has sued only a state agency, and not any state officials. The court notes that in Meekison v. Voinovich, 67 F. App'x 900 (6th Cir. 2003), an unpublished opinion, the Court of Appeals for the Sixth Circuit remanded "for further proceedings" the plaintiff's ADEA claim asserted against a state agency seeking injunctive relief. Id. at 901. Meekison cited

v. Univ. of Miss. Med. Ctr., No. 08-60985, 2009 WL 4823013, at *2 (5th Cir. Dec. 14, 2009); Shahin v. Del. Dep't of Fin., 344 F. App'x 765, 766-67 (3d Cir. 2009); Peirick, 510 F.3d at 696; Nicolae v. Office of Vocational & Educ. Servs. for Individuals with Disabilities, 257 F. App'x 455, 456 (2d Cir. 2007); Reese v. Michigan, No. 99-1173, 2000 WL 1647923, at *3 (6th Cir. Oct. 24, 2000); Dunn v. Spivey, No. 2:09-0007, 2009 WL 1322600, at *3 (M.D. Tenn. May 11, 2009); Chmielinski, 484 F. Supp. 2d at 203; Cameron, 2007 WL 3046659, at *2-3.  Southwest, as an arm of the State of Tennessee, is therefore immune under the Eleventh Amendment from Johnson's ADEA claim.  Henderson, 282 F. Supp. 2d at 807; see also Jones v. Sw. Tenn. Cmty. Coll., No. 07-2707, 2008 WL 4982742, at *4 (W.D. Tenn. Nov. 18, 2008) (finding that § 1981 and Tennessee Human

---

State Police for Automatic Retirement Ass'n v. DiFava, 317 F.3d 6, 12 (1st Cir. 2003), a case that involved a claim only against state officials, and not the state or a state agency.  See Cameron v. Ohio, No. 2:06-CV-871, 2007 WL 3046659, at *3 n.2 (S.D. Ohio Oct. 16, 2007).  Moreover, the "operative language" in Difava "clearly states that such injunctive relief is 'pursuant to Ex parte Young.'"  Chmielinski v. Mass. Office of Comm'r of Probation, 484 F. Supp. 2d 201, 203 (D. Mass. 2007) (quoting DiFava, 317 F.3d at 12).  Ex parte Young only applies to suits for prospective relief against state officials and "has no application in suits against the States and their agencies, which are barred regardless of the relief sought."  P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 146 (1993) (citing Cory v. White, 457 U.S. 85, 90-91 (1982)); see also Cox v. Texas, No. 09-20020, 2009 WL 4410942, at *1 (5th Cir. Dec. 3, 2009); Peirick v. Ind. Univ.-Purdue Univ. Indianapolis Athletics Dep't, 510 F.3d 681, 696-97 (7th Cir. 2007); Riemers v. North Dakota, 185 F. App'x 551, 552 (8th Cir. 2006); Higganbotham v. Oklahoma, 328 F.3d 638, 644 (10th Cir. 2003); Sinaloa Lake Owners Ass'n v. Cal. Div. of Safety of Dams, No. 91-56352, 1993 WL 164680, at *2 (9th Cir. May 17, 1993).

Rights Act claims against Southwest are also barred by the Eleventh Amendment). Accordingly, Southwest's motion on the age discrimination claim is granted.

**C.   Johnson's *Prima Facie* Case**

In an employment discrimination case, a plaintiff can withstand a motion for summary judgment either by presenting direct evidence of discrimination or by presenting circumstantial evidence from which a jury may infer a discriminatory motive using the framework set forth in <u>McDonnell Douglas Corp. v. Green</u>, 411 U.S. 792 (1973). Under that framework, a plaintiff must first establish a *prima facie* case of discrimination. If the plaintiff is successful in establishing a *prima facie* case, an inference of discrimination arises and the burden shifts to the employer to articulate a legitimate, nondiscriminatory reason for the adverse employment action. <u>Id.</u> at 802-03.

If the employer articulates such a reason, the presumption of discrimination disappears, leaving only the issue of "discrimination *vel non*." <u>Reeves v. Sanderson Plumbing Prods., Inc.</u>, 530 U.S. 133, 142-43 (2000). The plaintiff must then prove by a preponderance of the evidence that the reason offered was pretextual. <u>Tex. Dep't of Cmty. Affairs v. Burdine</u>, 450 U.S. 248, 253 (1981). The plaintiff may prove pretext by showing that "a discriminatory reason more likely motivated the employer" or that "the employer's proffered explanation is unworthy of credence."

-11-

White v. Baxter Healthcare Corp., 533 F.3d 381, 392 (6th Cir. 2008).  Typically, a plaintiff will demonstrate pretext by showing that the proffered reason: (1) had no basis in fact; (2) was not the actual reason for the employer's decision; or (3) was insufficient to explain the employer's decision.  Id. at 393 (citing Manzer v. Diamond Shamrock Chems. Co., 29 F.3d 1078, 1084 (6th Cir. 1994)).  However, a plaintiff must not only show that the stated reason is either untrue or insufficient, but also "that discrimination was the real reason."  St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 515 (1993).  This burden-shifting analysis applies not only to Johnson's race discrimination claim, but also to his retaliation claim.  Skrjanc v. Great Lakes Power Serv. Co., 272 F.3d 309, 313-16 (6th Cir. 2001); Gribcheck v. Runyon, 245 F.3d 547, 550 (6th Cir. 2001).  In the present case, Johnson has no direct evidence of discrimination or retaliation.  Therefore, the McDonnell Douglas burden-shifting analysis applies.

    1.   Race Discrimination Claim

With respect to Johnson's race discrimination claim, he may establish a *prima facie* case by showing that: (1) he is a member of a protected class; (2) he applied and was qualified for the position at issue; (3) he was considered for, and was denied, the position; and (4) other employees of similar qualifications who were not members of the protected class were offered the position. Nguyen v. City of Cleveland, 229 F.3d 559, 562-63 (6th Cir. 2000).

Johnson, who is African-American and was denied the Instructor of Psychology position for which he applied, clearly satisfies the first and third requirements of his *prima facie* case. However, Johnson has not satisfied the second prong because, other than arguments in his response brief, he has not presented any admissible evidence to demonstrate that he was qualified for the position. See Laurence v. Gateway Health Sys., No. 3:06-0636, 2008 WL 2097390, at *9 (M.D. Tenn. May 16, 2008) ("Although the burden of satisfying a prima facie case is not onerous, merely stating without supporting proof that [plaintiff] should have received a raise and that other employees received pay raises is not sufficient to rebut a summary judgment motion."); Jones v. Cuyahoga County Bd. of Comm'rs, No. 1:06 CV 2282, 2007 WL 2320036, at *3 (N.D. Ohio Aug. 10, 2007) (explaining that "[a]lthough plaintiff attaches various documents to his brief and presents arguments regarding his qualifications, none of what plaintiff submits constitutes admissible evidence" and thus "plaintiff fails to establish a prima facie case of discrimination because he has presented no admissible evidence from which a jury could conclude that he was qualified for the job"). Furthermore, it is undisputed that he lacked full-time college teaching experience, which was a requirement for the job, and Johnson has not argued (much less presented evidence to show) that the applicant who was chosen to fill the position lacked full-time teaching experience or that

Southwest considered hiring applicants who lacked full-time teaching experience.  Finally, although Johnson was at one time a part-time adjunct Instructor of Psychology at Shelby State, his Application for Employment indicates that he has not taught at the college level or any psychology courses since he was terminated from Shelby State.  The court cannot conclude based on Johnson's prior adjunct teaching experience alone that he was qualified for the full-time, tenure track position.  Because he cannot demonstrate a *prima facie* case of race discrimination, Southwest's motion is granted as to that claim.[10]

2. <u>Retaliation Claim</u>

In order to establish a *prima facie* case of retaliation, a plaintiff must show that: (1) he engaged in an activity protected by Title VII; (2) this exercise of his protected civil rights was known to the defendant; (3) the defendant thereafter took an employment action adverse to the plaintiff; and (4) there was a causal connection between the protected activity and the adverse employment action. <u>Canitia v. Yellow Freight Sys., Inc.</u>, 903 F.2d 1064, 1066 (6th Cir. 1990) (citing <u>Wrenn v. Gould</u>, 808 F.2d 493

---

[10]Southwest also contends that Johnson cannot satisfy the fourth requirement because the position was filled by another African-American.  Although this fact strongly discredits Johnson's discrimination claim, "the fact that an employer replaces a Title VII plaintiff with a person from within the same protected class as the plaintiff is not, by itself, sufficient grounds for dismissing a Title VII claim."  <u>Jackson v. Richards Med. Co.</u>, 961 F.2d 575, 587 n.2 (6th Cir. 1992); <u>see also</u> <u>Miles v. Dell, Inc.</u>, 429 F.3d 480, 486 n.3 (4th Cir. 2005) (citing <u>Jackson</u>).

(6th Cir. 1987)).

While Southwest concedes that Johnson has satisfied the first and third prongs of the *prima facie* case, it argues that he cannot satisfy the second and fourth prongs.  With respect to the second prong, Southwest contends that Johnson cannot show that the Search Committee was aware of his prior protected activity.  While it is true that Johnson has not presented any admissible evidence to demonstrate that the Committee knew about his discrimination complaints or his prior federal lawsuit, it is undisputed that Reid, who headed the Search Committee, was also in charge of the Psychology Department and was Johnson's supervisor at the time Johnson was terminated.  Viewing the evidence in the light most favorable to Johnson, the court concludes that he has satisfied the second prong of his *prima facie* case.

The court finds, however, that Johnson has not satisfied the fourth prong.  Johnson has not presented any evidence of a causal connection between his EEOC complaints or his lawsuit and Southwest's decision not to hire him.  "A causal link requires the plaintiff to proffer evidence 'sufficient to raise the inference that his protected activity was the likely reason for the adverse action.'"  Zanders v. Nat'l R.R. Passenger Corp., 898 F.2d 1127, 1135 (6th Cir. 1990) (quoting Cohen v. Fred Meyer, Inc., 686 F.2d 793, 796 (9th Cir. 1982)).  "When an adverse employment action occurs very close in time after the employer learns of a protected

-15-

activity, temporal proximity alone may be enough to establish the causation element of the *prima facie* case." Longs v. Ford Motor Co., 647 F. Supp. 2d 919, 935 (W.D. Tenn. 2009) (citing Mickey v. Zeidler Tool & Die Co., 516 F.3d 516, 525 (6th Cir. 2008)). "But where some time elapses between when the employer learns of the protected activity and the subsequent adverse employment action, the employee must couple temporal proximity with other evidence of retaliatory conduct to establish causality." Mickey, 516 F.3d at 525.

Johnson's protected activities occurred shortly after his dismissal from Shelby State, and at least twelve years elapsed between his protected activities and the adverse employment action at issue in this case. Therefore, temporal proximity is not enough, and must be coupled with other evidence. Longs, 647 F. Supp. 2d at 936. "Additional circumstantial evidence of retaliation could include, for example, evidence that the employer treated plaintiff differently than similarly situated employees who did not engage in protected activity, supervisor comments that reflect a retaliatory animus, or evidence of increased scrutiny following the protected activity." Id. (citations omitted). According to Reid's affidavit, the Search Committee "did not discuss or consider any of Johnson's prior EEOC claims, charges of discrimination or lawsuits in reaching the decision to offer the instructor position to another applicant." Johnson simply has not

-16-

presented any evidence to the contrary. Thus, Southwest's motion is granted with respect to the retaliation claim.

### D.   Nondiscriminatory Reasons and Pretext

Even assuming, *arguendo*, that Johnson can establish a *prima facie* case for race discrimination or retaliation, the court nevertheless concludes that Southwest has sufficiently articulated nondiscriminatory reasons for its employment decision and, furthermore, that Johnson has not shown that the reasons offered are pretextual. As described in Reid's affidavit, the Search Committee reviewed Johnson's Application for Employment and decided not to hire him because he lacked the required full-time college teaching experience and because of the prior disputes relating to his teaching practices. By his own admission, Johnson was previously terminated by Shelby State due to his use of the "criteria reference" system, and as he testified at his deposition, if he were hired by Southwest as an instructor he would continue to use this system "[e]ven if it meant being fired." Johnson has not presented any evidence to demonstrate that these reasons have no basis in fact, are not the actual reasons for the employment decision, or are otherwise insufficient. White, 533 F.3d at 393. Moreover, Johnson has failed to demonstrate "that discrimination was the real reason" he was not hired. Hicks, 509 U.S. at 515. On these alternative grounds, Southwest's motion is granted.

### III.  CONCLUSION

For the reasons above, Southwest's Motion for Summary Judgment is GRANTED.

IT IS SO ORDERED.

                                       s/ Tu M. Pham
                                       TU M. PHAM
                                       United States Magistrate Judge

                                       March 31, 2010
                                       Date